UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                                    12-CV-00982(SAS)
-----------------------------------------------------------------------------X

SHARIA GADDY, JODECI GADDY, KADAJAH STEWART,                    VERIFIED
LAKEATH BERRIAN, DONELL WILLIAMS, TRINA                          COMPLAINT
STEPHENSON, individually and as the mother and natural guardian   AND DEMAND
of infant MONTANA STEPHENSON, CHARLENE WILLIAMS,                FOR A JURY TRIAL
individually and as the mother and natural guardian of infant
KEVIN WILLIAMS, MONIQUE WILLIAMS, as mother and natural
guardian of infant SHANIC WILLIAMS, JERMAINE BROWN as the
legal guardian of infant ALSHANTE BAKER, DAWN TYLER,
as mother and natural guardian of infant JAHLEEL BROWN, and
JEROME BROWN, as legal guardian of infant SHAIRE BARLEY,

              Plaintiffs,

 -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
SERGEANT JUNIO ACOSTA, N.Y.C. POLICE
OFFICER JULIAN MARTINEZ, SHIELD # 10673,
N.Y.C. POLICE OFFICER KIM CRUSE, SHIELD #11030,
N.Y.C. POLICE OFFICER DENISE DIAZ, SHIELD #00175,
AND POLICE OFFICERS "JOHN DOE (1)-(10)",
EACH SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

              Defendants.
-----------------------------------------------------------------------------X

 1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States for false arrest, excessive force, and civil rights violations based upon a deliberate indifference to the rights of plaintiffs, including unlawful policies and practices, as well as the improper hiring and/or retention of incompetent, unqualified, unfit and assaultive employees.

## JURISDICTION

 2. This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343.  Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiffs are resident of New York City, Bronx County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On Saturday, March 24, 2012, at approximately 6 P.M., at 355 East 163rd Street, Bronx, New York, some unknown individuals began throwing bottles, eggs, and other items off the roof of the five-story building.

10. Apparently, the items were either thrown at or in the vicinity of or police officers that were stationed outside of the building and in the "tower" nearby.

11. Shortly thereafter, the defendant police officers detained approximately 6-8 individuals, including some infant plaintiffs, as they walked out of the courtyard.

12. The police had no right to detain any of these people as the officers had no good

faith basis to believe that any of them had been involved in throwing items off the roof.

13. Nonetheless, approximately six to eight children, between the ages of 11-19 years old, were detained, placed against a gate and handcuffed.

14. SHAIRE BARLEY (11), SHANIC WILLIAMS, KEVIN WILLIAMS (15) and KADAJAH STEWART (17) were four of the individuals that were initially seized and put into handcuffs.

15. CHARLENE WILLIAMS and SHAIRE GADDY were standing outside and saw the incident unfold. Charlene Williams yelled up to DAWN TYLER, Kadajah's mother, that her daughter was being held by the police.

16. At that point, Dawn Tyler and her son LAKEATH BERRIAN came downstairs and went outside to find out what was going on.

17. The officers told Lakeath Berrrian that somebody was throwing stuff at them, and that they were going to find out who was responsible. An officer then stated, "Whoever doesn't have ID is going in."

18. Lakeath asked the officers if they would allow Dawn Tyler to go up to her apartment and get Kadajah's identification. The officers agreed.

19 TRINA STEPHENSON (33) had come outside with her sons MONTANA STEPHENSON (14) and DONELL WILLIAMS (17).

20. Donell Williams was standing next to his mother when a police officer ordered him to leave the area.

21. Trina Stephenson began having a discussion with the police and tried to defuse the situation by explaining, "not everyone is bad, if you talk nicer, then maybe he'll talk nicer."

22. Dawn Tyler had just come outside with her daughter's identification. The police were already in the process of placing the children into a police van.

23. Ms. Tyler protested, but the officer said, "I know what I said, but the Sergeant told us to take them all in."

24. More bottles were thrown from the roof.

3

25. As everybody started running for cover, the police grabbed JAHLEEL BROWN (13) and ALSHANTE BAKER (14), who had come downstairs with Dawn Tyler.

26. When LaKeath Berrian asked the officers why they were grabbing Jahleel, a police officer tackled and arrested him, putting his knee roughly into LaKeath's back and twisting him.

27. LaKeath Berrian was unjustifiably assaulted by the police, and was taken to Lincoln Hospital while in custody for medical treatment of his injuries.

28. At around that time, JODECI GADDY (19) was also grabbed and thrown to the ground by the police.

29. Trina Stephenson was also arrested, along with her two sons, Montana Stephenson and Donell Williams.

30. Alshante Baker and Donell Williams were sprayed with pepper spray for no legitimate reason.

31. Jahleel Brown was punched in the face by a police officer while sitting handcuffed in a police car. The officer stated, "You think you're tough?"

32. Shaire Barley and Kevin Williams were each released into their grandmother's custody the next day, at about 5:00 A.M.

33. On March 26, 2012, Bronx Family Court disposed of all charges against Shaire Barley, indicating the closing and sealing of the file in a "Successful Adjustment Notice".

34. At some point, all charges against Kevin Williams were also dismissed.

35. Alshante Baker, Jahleel Brown, Montana Stephenson and Shanic Williams were released at Sunday, March 25, 2012 at 12:30 P.M. from 100 Centre Street, New York, New York.

36. Kadajah Stewart, Lakeath Berrian, Sharia Gaddy, Trina Stephenson, Donell Williams, Jodeci Gaddy and Charlene Williams were all released at arraignment after spending more than 24 hours incustody.

37. On May 22, 2012, Corporation Counsel's Law Department, Family Court

Division stated in a letter to the undersigned that the Law Department had declined to prosecute the cases against Alshante Baker, Jahleel Brown, Montana Stephenson and Shanic Williams.

38. On July 3, 2012 all criminal charges were dismissed against Kadajah Stewart as the Assistant District Attorney Kelly VanDevelde conceded that the police were unable to positively identify Kadajah Stewart as a person that threw anything off the roof.

39. On October 12, 2012, all criminal charges were dismissed against Lakeath Berrian, Sharia Gaddy, Trina Stephenson, Donell Williams, Jodeci Gaddy and Charlene Williams.

### AS AND FOR A FIRST CAUSE OF ACTION FOR FALSE ARREST
### (42 U.S.C. §1983)

40. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

41. As a result of their actions, Defendants, under "Color of law", deprived Plaintiffs of their right to freedom from deprivation of liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

42. Defendants subjected Plaintiffs to these deprivations either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

43. As a direct and proximate result of the acts of defendants, Plaintiffs suffered physical and psychological injuries, and endured great pain and mental suffering.

### SECOND CAUSE OF ACTION FOR EXCESSIVE FORCE
### (42 U.S.C. §1983)

44. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

45. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiffs of their right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United

States and 42 U.S.C. § 1983.

46. Defendants subjected Plaintiffs to these deprivations either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by his actions.

47. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

48. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

### THIRD CAUSE OF ACTION FOR
### FOR VIOLATION OF CIVIL RIGHTS
### (Monell Violations)

49. Plaintiffs reiterate and reallege the facts stated in the above paragraphs as if stated fully herein.

50. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

51. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs' injuries.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against Defendants Holder and "John Doe" for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       February 13, 2013

**RESPECTFULLY,**

**STEVEN A. HOFFNER, ESQ.**
Attorney for the Plaintiff
325 Broadway, Suite 505
New York, New York 10007
(212) 941-8330
(SH-0585)

7

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       February 13, 2013

                                        _____
                                        STEVEN A. HOFFNER, Esq.
                                        (SH-0585)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------X

| | |
|---|---|
| SHARIA GADDY, JODECI GADDY, KADAJAH STEWART, LAKEATH BERRIAN, DONELL WILLIAMS, TRINA STEPHENSON, individually and as the mother and natural guardian of infant MONTANA STEPHENSON, CHARLENE WILLIAMS, individually and as the mother and natural guardian of infant KEVIN WILLIAMS, MONIQUE WILLIAMS, as mother and natural guardian of infant SHANIC WILLIAMS, JERMAINE BROWN as the legal guardian of infant ALSHANTE BAKER, DAWN TYLER, as mother and natural guardian of infant JAHLEEL BROWN, and JEROME BROWN, as legal guardian of infant SHAIRE BARLEY, | VERIFIED COMPLAINT AND DEMAND FOR A JURY TRIAL |

                                                                Plaintiffs,

    -against-

THE CITY OF NEW YORK, N.Y.C. POLICE
SERGEANT JUNIO ACOSTA, N.Y.C. POLICE
OFFICER JULIAN MARTINEZ, SHIELD # 10673,
N.Y.C. POLICE OFFICER KIM CRUSE, SHIELD #11030,
N.Y.C. POLICE OFFICER DENISE DIAZ, SHIELD #00175,
AND POLICE OFFICERS "JOHN DOE (1)-(4)",
EACH SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

                                                                Defendants.

------------------------------------------------------------------------------------X

Steven Hoffner, Esq.
325 Broadway, Suite 505
New York, New York 10007