13 CV 0982 (SAS)(MHD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
SHARIA GADDY, JODECI GADDY, KADAJAH STEWART,
LAKEATH BERRIAN, DONELL WILLIAMS, TRINA
STEPHENSON, individually and as the mother and natural guardian
of infant MONTANA STEPHENSON, CHARLENE WILLIAMS,
individually and as the mother and natural guardian of infant
KEVIN WILLIAMS, MONIQUE WILLIAMS, as mother and natural
guardian of infant SHANIC WILLIAMS, JERMAINE BROWN as the
legal guardian of infant ALSHANTE BAKER, DAWN TYLER,
as mother and natural guardian of infant JAHLEEL BROWN, and
JEROME BROWN, as legal guardian of infant SHAIRE BARLEY,

INFANT
COMPROMISE
ORDER

Plaintiffs,

-against-

THE CITY OF NEW YORK, N.Y.C. POLICE
SERGEANT JUNIO ACOSTA, N.Y.C. POLICE
OFFICER JULIAN MARTINEZ, SHIELD # 10673,
N.Y.C. POLICE OFFICER KIM CRUSE, SHIELD #11030,
N.Y.C. POLICE OFFICER DENISE DIAZ, SHIELD #00175,
AND POLICE OFFICERS "JOHN DOE (1)-(10)",
EACH SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/13

Defendants.

-------------------------------------------------------------------------X

Upon the Report and Recommendation of ~~holding of a settlement conference before~~ the Honorable Michal H. Dollinger, ~~on~~ it is ~~July 9, 2013, at the United States Courthouse, Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York, upon speaking to various Plaintiffs about the incident in question on that date, upon the affidavit of JERMAINE BROWN, the guardian of the infant Plaintiff ALSHANTE BAKER, upon the affirmation of Steven Hoffner, Esq., and it appearing that the best interests of the infant plaintiffs will be served, it is~~

ORDERED, that JERMAINE BROWN., the father and natural guardian of the infant

Alshante Baker, be and is hereby authorized and empowered to settle the action of the infant plaintiff against the defendants City of New York, et al., for the sum of $15,000 (FIFTEEN THOUSAND DOLLARS), and conditioned upon compliance with the following provisions, to execute and deliver a general release and to sign all the papers necessary to accomplish this settlement, and it is further

ORDERED, that out of the said sum the defendant, City of New York, is authorized and directed to pay to Steven Hoffner, Esq., attorney for the infant plaintiff herein, the sum of $4,986 as his 2/3 contingency fee pursuant to the retainer, and pay to Steven Hoffner, Esq. the sum of $1,500 as for his fee for legal representation in Bronx Family Court, plus disbursements in the sum of $42 for a total of $6,528 (SIX THOUSAND FIVE HUNDRED TWENTY EIGHT DOLLARS AND NO CENTS) and it is further

ORDERED, that the infant's funds, $8,472 (EIGHT THOUSAND FOUR HUNDRED SEVENTY TWO DOLLARS AND NO CENTS) shall be received by Jermaine Brown, in trust for Alshante Baker, jointly with an officer of Citibank, on behalf of infant Alshante Baker;

ORDERED, that said depository is authorized and directed to maintain said funds of deposit in said depository yielding the highest direct return to the infant, providing that said funds shall be in such a form that it will not be available to said infant until she reaches the age of majority, and it is further

ORDERED, that the attorney for plaintiff shall serve a copy of this Order upon said depository and shall arrange for the deposit of the funds within ninety (90) days from the date hereof or within thirty (30) days of the receipt of the proceeds of the settlement from the defendants, whichever is earlier. Said funds shall be deposited in the above bank in the name

of the parent and natural guardian for the sole use and benefit of the infant, in accounts paying the highest rate of interest available. Time deposit accounts shall be subject to renewal upon maturity at the discretion of the parent, except that the date of maturity shall not extend beyond the date when said infant attains the age of 18 years on August 23, 2015. No withdrawals shall be made from said accounts before the infant turns 18 years old, except upon further order of this Court, and it is further

ORDERED, that said depository shall, upon the infant's demand therefor, and without further order of this Court, pay over to the infant the funds when she reaches the age of 18 years, upon presentation of proper proof, and it is further

ORDERED, that the filing of a bond herein be dispensed with.

Dated:   November 20, 2013
         New York, New York

ENTER: _____
~~Hon. Michael H. Dollinger~~
~~U.S. Magistrate Judge~~
Shira A. Scheindlin
U.S.D.J.

3